IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. _____ |
| v. ) | |
| ) | |
| ) | |
| CUMBERLAND COUNTY, ) | JURY DEMAND |
| TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, the United States of America ("United States"), alleges:

1. Between at least February 2015 and February 2018, Defendant Cumberland County, Tennessee ("Cumberland County") allowed the Director of its Solid Waste Department to fondle, assault, proposition for sexual favors, and otherwise sexually harass ten female employees of the Solid Waste Department in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Through its actions and failures to act, as alleged with greater specificity below, Cumberland County also constructively discharged one of the women and retaliated against another for complaining about the harassment to the Equal Employment Opportunity Commission ("EEOC").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper in the United States District Court for the Middle District of Tennessee under 42 U.S.C. § 2000d-5(f)(3) and 28 U.S.C. § 1391(b) because Defendant Cumberland County is located in this judicial district and the employment practices alleged to be unlawful took place within this judicial district.

## PARTIES & CHARGES OF DISCRIMINATION

4. Plaintiff is the United States.

5. Defendant Cumberland County is a corporate, governmental entity and a political subdivision created pursuant to the laws of the State of Tennessee.

6. Cumberland County is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7. Cumberland County employs approximately 400 individuals.

8. Cumberland County maintains a Solid Waste Department that performs waste management and recycling services.

9. Between April 9 and April 13, 2018, the EEOC received timely charges of discrimination filed by Charging Party 1 (EEOC Charge No. 494-2018-01424), Charging Party 2 (EEOC Charge No. 494-2018-01468), Charging Party 3 (EEOC Charge No. 494-2018-01611), and Charging Party 4 (EEOC Charge No. 494-2018-01470) (collectively, "the Charging Parties").[1] The Charging Parties, current or former employees of the Solid Waste Department, alleged that they and other female employees of the Solid Waste Department had been discriminated against because of their sex when they were subjected to sexual harassment by their supervisor, Michael

---

[1] The United States is using pseudonyms for all ten employees to protect their identities. The County is aware of their identities and has no objection to the use of pseudonyms to identify the women. The United States is prepared to inform the Court separately of the women's identities in a manner prescribed by the Court.

Harvel ("Harvel"), the former Director of the Solid Waste Department. Charging Party 3 also alleged constructive discharge, and Charging Party 1 subsequently alleged retaliation for engaging in protected activity.

10. Pursuant to Section 706 of Title VII, 42 U.S.C. § 2000e-5, the EEOC investigated the four charges of discrimination and found reasonable cause to believe that Cumberland County violated Title VII when it discriminated against the Charging Parties and similarly situated employees. When the EEOC's attempt to conciliate the charges failed, it referred the charges to the Department of Justice.

11. All conditions precedent to the filing of suit have been satisfied.

## STATEMENT OF FACTS

### A. The Solid Waste Department

12. Harvel was Director of the Cumberland County Solid Waste Department from December 2014 through February 2018. He reported to the County Mayor, who at all relevant times was Kenneth Carey.

13. As Director, Harvel was the first- or second-line supervisor of everyone in the Solid Waste Department. Through his position of authority with Cumberland County, Harvel had the power to hire, fire, promote, refuse to promote, and transfer any of the Solid Waste Department employees, including community service workers.

14. During the relevant time period, the Solid Waste Department included a Recycling Center and fourteen convenience centers.

15. In addition to Harvel, employees working at the Recycling Center typically included an Assistant Director of the Solid Waste Department, a Community Service Officer, a full-time line supervisor, two full-time heavy equipment operators, a number of part-time line workers, and

several community service workers. The part-time line workers and community service workers sorted recycling on the recycling conveyer belt (the "line"). Some of the part-time line workers, including Charging Party 2 and Charging Party 3, had additional duties, such as operating heavy equipment on the floor of the Recycling Center and/or working at the Solid Waste Department's convenience centers.

16. Community service workers were assigned to the Recycling Center to perform community service through the court system or as a condition of probation. During the relevant time period, the Recycling Center was the only placement option in Cumberland County for individuals required to perform community service.

17. Once community service workers were assigned to the Recycling Center, Cumberland County determined their tasks and shift hours.

18. The community service workers performed the same tasks on the line as the part-time line workers, at the same location, using the same tools and equipment furnished by Cumberland County.

19. Cumberland County controlled employment opportunities of community service workers, compensating some to pay off court fines and offering a path from community service worker to a paid part-time line worker position.

20. The four Charging Parties and six similarly situated employees (Employee 1, Employee 2, Employee 3, Employee 4, Employee 5, and Employee 6) were all "employees" of Cumberland County within the meaning of 42 U.S.C. § 2000e(f). All are female.

21. Charging Party 1 started as a full-time employee of the Solid Waste Department on May 24, 2004.

22. Charging Party 2 was a part-time line worker for the Solid Waste Department from June 20, 2016, through about November 2018.

23. Charging Party 3 started as a community service worker at the Recycling Center on November 10, 2015, and was a part-time line worker for the Solid Waste Department from about December 2015 until November 2017.

24. Charging Party 4 started as a community service worker at the Recycling Center around late 2017 and became a part-time line worker for the Solid Waste Department on January 15, 2018. From then through about April 19, 2018, she worked as a part-time line worker on certain days each week and as a community service worker during the remainder of the week.

25. Employee 1 was a community service worker at the Recycling Center from August 1, 2017, through February 8, 2018.

26. Employee 2 was a community service worker at the Recycling Center and a part-time line worker for the Solid Waste Department from about April through November 16, 2017.

27. Employee 3 started as a community service worker at the Recycling Center in about late 2015 and was a part-time line worker for the Solid Waste Department from when she completed her community service through around October 12, 2017.

28. Employee 4 was a part-time line worker for the Solid Waste Department from about November 28, 2017, through about January 3, 2018.

29. Employee 5 was a community service worker at the Recycling Center and a part-time line worker for the Solid Waste Department from about July 1, 2017, through about September 11, 2017, and on one day in January 2018. She worked as a part-time line worker on certain days each week and as a community service worker during the remainder of the week.

5

30. Employee 6 became a part-time line worker for the Solid Waste Department in about 2015, and she worked there for two to three years.

### B. Harvel Sexually Harassed Ten Women in the Solid Waste Department

31. Between at least February 2015 and February 2018, Harvel subjected female employees of the Solid Waste Department, including the Charging Parties and six similarly situated employees, to unwelcome, non-consensual sexual contact such as kissing and grabbing their breasts, thighs, buttocks, and vaginas, both over and under their clothes; unwelcome sexual advances such as propositioning women for oral or penetrative sex and forcing women to view or touch his penis; and unwelcome and offensive sexual remarks about their bodies and sex acts. Harvel's conduct was both repeated and sufficiently severe and/or pervasive to alter the terms and conditions of their employment.

32. Harvel subjected all of the women to unwelcome, non-consensual sexual contact. He forcibly kissed many of them, including Charging Party 1, Charging Party 2, and Charging Party 3. He groped many of them, including Charging Party 1, Charging Party 2, Charging Party 3, Charging Party 4, Employee 3, Employee 4, Employee 5, and Employee 6, on their breasts, thighs, buttocks, and vaginas. He put his hands inside the women's clothing, including under their shirts and down their pants.

33. He isolated some women by taking them to secluded areas within the Recycling Center or outside the facility, including to Solid Waste Department convenience centers and the Cumberland County landfill, so that he could subject them to unwelcome, non-consensual sexual contact.

34. Harvel made unwelcome sexual advances toward many of the women. He propositioned women, including Employee 2, Employee 3, and Employee 5, for oral and penetrative sex. He

forced Charging Party 3 onto his lap. He forced Charging Party 3 and Employee 3 to view or touch his penis. He threatened to rape at least one woman, Charging Party 3.

35. Harvel subjected many of the women to unwelcome and offensive sexual remarks. He commented on the size and shape of their breasts and buttocks, including Charging Party 1 and Charging Party 4. He told Charging Party 3 he "wanted to fuck" her and Charging Party 1 that a coworker "would like to have his penis between your boobs." He asked Charging Party 2 if she shaved her "kitty cat" and Employee 5 if she wanted to be pleased sexually.

36. All of the women found Harvel's sexual contact, sexual advances, and offensive sexual remarks to be unwelcome, and many of the women undertook repeated efforts to get him to stop. Several women, including Charging Party 1, Charging Party 2, Charging Party 3, Employee 2, Employee 5, and Employee 6, expressly asked him to cease his conduct. Some women, including Charging Party 2, Employee 4, and Employee 6, also physically pushed Harvel away when he touched them or otherwise tried to evade his touch.

37. Harvel's conduct was frequent. Many of the women described his unwelcome sexual contact, sexual advances, and offensive sexual remarks as occurring on a daily or near daily basis or even multiple times a day.

38. Harvel's conduct unreasonably interfered with the women's ability to do their jobs. His physical touching of the women while they worked on the line made it difficult to sort the recycling properly.

39. Harvel pressured some of the women, including Charging Party 3 and Employee 3, for sexual favors in exchange for employment benefits.

40. In November 2017, Harvel's harassment culminated in Charging Party 3's constructive discharge, when she quit after Harvel threatened to rape her.

7

41. Based on some or all of the conduct described in Paragraphs 31-40, Harvel was arrested and indicted on sexual battery, assault, and official misconduct on February 26, 2018. His criminal trial is pending.

C. **Cumberland County Failed to Take Reasonable Steps to Prevent Harvel from Sexually Harassing Employees of the Solid Waste Department**

42. During Harvel's tenure, Cumberland County lacked an effective sexual harassment policy.

43. Cumberland County's sexual harassment policy in effect at all times relevant to this action did not require supervisors to report incidents of sexual harassment.

44. Cumberland County's sexual harassment policy in effect at all times relevant to this action did not permit informal complaints of harassment to be made.

45. At all times relevant to this action, Cumberland County distributed its sexual harassment policy only to full-time employees.

46. At all times relevant to this action, Cumberland County provided no training on its sexual harassment policy or the process for filing an internal complaint of sexual harassment.

47. Some women, including Charging Party 1, Charging Party 2, Employee 3, Employee 4, and Employee 6, reported Harvel's harassment to their superiors at the Recycling Center. These complaints did not lead to any action by Cumberland County.

48. Some women complained about the harassment directly to Harvel, including Charging Party 1, Charging Party 2, Charging Party 3, Employee 2, Employee 5, and Employee 6.

49. Some women did not complain because they were unaware of the complaint process; because they did not believe the County Mayor, to whom the policy suggested they report, would be impartial based on his personal relationship with Harvel; or because they feared reprisal, such as termination.

50. The County's failure to take reasonable steps to prevent Harvel's harassment have caused the Charging Parties and similarly situated female employees of the Solid Waste Department financial and emotional injuries, including the loss of salary and other benefits of employment, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other nonpecuniary losses.

    **D.    Cumberland County Retaliated Against Charging Party 1 for Filing a Charge of Discrimination When it Changed the Terms and Conditions of Her Employment**

51. Charging Party 1 engaged in protected activity when she filed a charge of discrimination with the EEOC on April 10, 2018.

52. Cumberland County was made aware of Charging Party 1's EEOC charge shortly after she filed it.

53. After being notified of Charging Party 1's EEOC charge, Carey told then-Interim Director of the Solid Waste Department Kimberly Patterson to "get rid of" Charging Party 1. Patterson understood that Carey wanted Charging Party 1 fired because she had filed an EEOC charge.

54. After Charging Party 1 filed her EEOC charge, Cumberland County began to remove her employment privileges and change the conditions of her employment.

55. Cumberland County's actions towards Charging Party 1 after she filed her charge might well have dissuaded a reasonable worker from making a charge of discrimination.

56. These unlawful actions caused Charging Party 1 emotional injuries, including emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other nonpecuniary losses.

## COUNT I
Title VII, 42 U.S.C. § 2000e-2(a)
Hostile Work Environment Sexual Harassment

57. The United States realleges and incorporates by reference the allegations set forth in paragraphs 1-50, above.

58. Between at least February 2015 and February 2018, Cumberland County, through Harvel, subjected the Charging Parties and six similarly situated female employees of the Solid Waste Department to harassment because of their sex, in violation of Title VII, 42 U.S.C. § 2000e-2(a).

59. The harassment included both verbal and physical sexual harassment and assault and was unwelcome.

60. The harassment was severe and/or pervasive, materially altered their working conditions, created an objectively hostile or abusive work environment that a reasonable person would find hostile or abusive, created a work environment that the women perceived to be sexually abusive, and which affected the terms, conditions, and privileges of their employment.

61. Cumberland County failed to exercise reasonable care to prevent and/or correct promptly the sexually harassing behavior of Harvel, and the Charging Parties and similarly situated female employees did not unreasonably fail to take advantage of any preventive or corrective opportunities provided by the employer.

## COUNT II
Title VII, 42 U.S.C. § 2000e-2(a)
Quid Pro Quo Sexual Harassment

62. The United States realleges and incorporates by reference the allegations set forth in paragraphs 1-50, above.

63. Between at least November 2015 and February 2018, Cumberland County, through Harvel, subjected Charging Party 3 and Employee 3 to harassment based on their sex by their supervisor, Harvel, in violation of Title VII, 42 U.S.C. § 2000e-2(a).

64. The harassment included sexual advances and requests for sexual favors.

65. Harvel made submission to his unwelcomed advances an express or implied condition for receiving employment benefits.

66. Cumberland County is subject to strict liability.

## COUNT III
Title VII, 42 U.S.C. § 2000e-3(a)
Constructive Discharge

67. The United States realleges and incorporates by reference the allegations set forth in paragraphs 1-50, above.

68. Cumberland County discriminated against Charging Party 3 in violation of Title VII, 42 U.S.C. § 2000e-3(a), by making her working conditions so intolerable that she was forced to resign from her employment position. Cumberland County subjected her to intolerable working conditions that would have induced a reasonable person to quit.

## COUNT IV
Title VII, 42 U.S.C. § 2000e-3(a)
Retaliation

69. The United States realleges and incorporates by reference the allegations set forth in paragraphs 1-56, above.

70. Charging Party 1 engaged in protected activity when she filed an EEOC charge against Cumberland County on April 10, 2018.

71. Cumberland County knew of Charging Party 1's charge of discrimination and acted adversely against her by removing her work privileges and changing the conditions of her

employment. Cumberland County's actions might well have dissuaded a reasonable worker from making a charge of discrimination.

72. For the foregoing reasons, Cumberland County discriminated against Charging Party 1 in violation of Title VII, 42 U.S.C. § 2000e-3(a), by retaliating against Charging Party 1 for engaging in protected activity.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court grant the following relief:

(a) Enjoin Cumberland County from discriminating on the basis of sex, including subjecting any Cumberland County employee to sexual harassment, or retaliating against any employee in violation of Title VII;

(b) Enjoin Cumberland County from retaliating against any individual who participated in or cooperated with the United States' investigation and litigation of this case;

(c) Order Cumberland County to instate policies, practices, and procedures to ensure a non-discriminatory workplace, including but not limited to: (1) developing appropriate and effective measures designed to prevent and correct sexual harassment and retaliation; (2) developing appropriate and effective measures to receive complaints of sexual discrimination and harassment, as well as a process for investigating such complaints; (3) distributing its sexual harassment policy to all employees, including community service workers; and (4) providing sexual harassment and retaliation training to all supervisors and employees, including community service workers;

(d) Award compensatory damages to the Charging Parties and similarly situated female employees of the Solid Waste Department to fully compensate them for their emotional injuries, pain, and suffering caused by Defendant's discriminatory conduct, pursuant to and

12

Case 2:21-cv-00012   Document 1   Filed 03/08/21   Page 12 of 14 PageID #: 12

within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a;

(e) Order Cumberland County to make whole Charging Party 3 by awarding appropriate back pay and lost benefits and other affirmative relief necessary to eradicate the effects of her constructive discharge, including, but not limited to, reinstatement or front pay in lieu thereof;

(f) Award Charging Party 3 any prejudgment interest on the amount of lost wages and benefits determined to be due;

(g) Order any further equitable relief necessary to make the Charging Parties and similarly situated female employees of the Solid Waste Department whole; and

(h) Award such additional relief as justice may require, together with the United States' costs and disbursements in this action.

## JURY DEMAND

The United States hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

Dated: March 8, 2021               Respectfully submitted,

                                   PAMELA S. KARLAN
                                   Principal Deputy Assistant Attorney General
                                   Civil Rights Division

                                   DELORA L. KENNEBREW
                                   Chief

                                   JOHN P. BUCHKO
                                   Deputy Chief

JENNIFER M. SWEDISH (D.C. Bar No. 977746)
JULIA T. QUINN (D.C. Bar No. 1031695)
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
4 Constitution Square
150 M Street NE / Room 9.1134
Washington, D.C. 20530
Telephone: (202) 305-4069
Facsimile: (202) 514-1005
Email: Jennifer.Swedish@usdoj.gov
Email: Julia.Quinn@usdoj.gov

MARY JANE STEWART
Acting United States Attorney
Middle District of Tennessee

By: s/Kara F. Sweet
KARA F. SWEET
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, TN 37203
Telephone: (615) 736-5151
Facsimile: (615) 401-6626
Email: Kara.Sweet@usdoj.gov

*Counsel for the United States of America*

14