IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CUMBERLAND COUNTY, ) <br> TENNESSEE, ) <br> ) <br> Defendant. ) | Civil Action No. 2:21-cv-00012 <br><br> Magistrate Judge Alistair Newbern <br><br> JURY DEMAND |

**[PROPOSED] CONSENT DECREE**

**I.     INTRODUCTION**

This action was brought by Plaintiff United States of America ("United States") against Defendant Cumberland County, Tennessee ("Cumberland County") to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), following the United States' receipt from the Equal Employment Opportunity Commission ("EEOC") of charges of discrimination timely filed by Charging Party 1, Charging Party 2, Charging Party 3, and Charging Party 4 (collectively, "the Charging Parties") against Cumberland County.  This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331 and 1345.

In its complaint, the United States alleges that Cumberland County discriminated against the Charging Parties and similarly situated female employees of the Solid Waste Department on the basis of sex when they were subjected to sexual harassment by their supervisor, the former Director of the Solid Waste Department, in violation of Title VII.  The United States further

1

alleges that Cumberland County retaliated against Charging Party 1 for complaining about the harassment to the EEOC.

The United States and Cumberland County, desiring that this action be settled by this Consent Decree ("Decree") without the burdens and risks of protracted litigation, agree that this Court has jurisdiction over the Parties and the subject matter of this action. This Decree, being entered into with the consent of the Parties, shall not constitute an adjudication or finding on the merits of the case, nor be construed as an admission of liability by Cumberland County.

Subject to the Court's approval of this Decree, the Parties waive findings of fact and conclusions of law on the merits of this case and further agree to entry of this Decree as a final and binding agreement between them with regard to all claims asserted in the United States' complaint.

## II. FINDINGS

Having examined the terms and provisions of this Decree, the Court finds that it has jurisdiction over the subject matter of and the Parties to this action; and in resolution of this action, the Parties hereby AGREE and the Court expressly APPROVES, ENTERS, and ORDERS the following:

## III. PARTIES AND DEFINITIONS

1. "Days" refers to calendar days, not business days, unless otherwise stated.
2. "Date of entry of this Decree" is the date on which the Court signs and enters this Decree as a final order of the Court.
3. For purposes of this Decree, "employee" or "employees" refers to (a) anyone hired to work for Cumberland County, regardless of whether (i) they work on a part-time or full-

time basis, (ii) their employment is temporary, or (iii) they are deemed "exempt" or "non-exempt," and (b) anyone assigned to perform community service for the County.[1]

4. "Party" or "Parties" refers to the United States and/or Cumberland County.

5. "Policy" refers to the Cumberland County Sexual Harassment Policy, contained within the Cumberland County Personnel Policy/Employee Handbook and the Cumberland County Community Service Worker Handbook.

6. "Procedure" refers to the Cumberland County Complaint Process for Reporting Abusive Conduct, Discrimination, Harassment, Sexual Harassment, and Workplace Violence, contained within the Cumberland County Personnel Policy/Employee Handbook and the Cumberland County Community Service Worker Handbook.

7. "Relief Participants" are Charging Party 1, Charging Party 2, Charging Party 3, Charging Party 4, Employee 1, Employee 2, Employee 3, Employee 4, Employee 5, and Employee 6.

## IV. PURPOSES OF THE CONSENT DECREE

8. The purposes of this Decree are to:

   a. Provide non-monetary remedies, including injunctive and equitable relief, that ensure that Cumberland County does not discriminate against any employee on the basis of sex or retaliate against any employee in violation of Title VII; and

   b. Provide monetary relief to the Relief Participants in consideration for a release of their claims set forth in the United States' complaint.

---

[1] Cumberland County does not concede that community service workers are "employees" under Title VII. For the sole purpose of this Consent Decree, however, Cumberland County does not object to this definition.

## V. INJUNCTIVE & EQUITABLE RELIEF

9. In accordance with the terms of this Decree, Cumberland County shall not:

   a. Engage in any act or practice that discriminates against any employee on the basis of sex or retaliates against any employee in violation of Title VII; or

   b. To the extent proscribed by Title VII, discriminate against any person because that person participated in or cooperated with the United States' investigation of Cumberland County, participated in the litigation of this case, complained about or opposed the challenged employment practices, or received or sought relief or otherwise benefitted from the terms of this Decree.

## VI. IMPLEMENTATION OF REVISED POLICY AND PROCEDURE

10. Within thirty (30) days of the date of entry of this Decree, Cumberland County will adopt the Parties' agreed-upon revised Sexual Harassment Policy ("Policy") and the Parties' agreed-upon revised Complaint Process for Reporting Abusive Conduct, Discrimination, Harassment, Sexual Harassment, and Workplace Violence ("Procedure").

11. Within thirty (30) days of Cumberland County's adoption of the revised Policy and Procedure, Cumberland County will implement them by:

    a. Distributing the revised Policy and Procedure to all Cumberland County employees;

    b. Documenting that each employee has received the revised Policy and Procedure; and

    c. Posting the revised Policy and Procedure on its website and in its facilities.

12. Thereafter, Cumberland County will distribute the revised Policy and Procedure to each new employee within fifteen (15) days of hire or, in the case of community service

workers, as soon as practicable but no later than two (2) days after beginning his/her community service assignment.

## VII. IMPLEMENTATION OF REVISED TRAINING

13. Within ninety (90) days of Cumberland County's adoption of the revised Policy and Procedure, Cumberland County will provide to all Cumberland County employees the Parties' agreed-upon training on the revised Policy and Procedure.

14. Cumberland County will document that each employee has completed the training.

15. Thereafter, Cumberland County will provide to each new employee the Parties' agreed-upon training within fifteen (15) days of hire or, in the case of community service workers, as soon as practicable but no later than two (2) days after beginning his/her community service assignment.

16. Cumberland County will document that each new employee has completed the training.

## VIII. MONETARY RELIEF

17. In settlement of the United States' claims for relief, Cumberland County agrees to pay a total of One Million, One Hundred Thousand Dollars ($1,100,000). As set forth in Paragraph 20 below, Cumberland County, through, in part, proceeds from its insurance coverage, will direct the payment of $1,075,000 in monetary relief to the Relief Participants in exchange for releases of their claims. Cumberland County will also direct the payment of $25,000 in attorney's fees to their attorney, John Nisbet.

18. To receive relief under this Decree, each Relief Participant must execute a release in a format materially the same as set forth in Exhibit 1 and return it to the United States within thirty (30) days of the date of entry of the Decree.

19. The United States will provide Cumberland County with copies of the executed releases within thirty-five (35) days of the date of entry of the Decree. Cumberland County agrees to accept reasonable facsimiles of signed forms in place of the originals.

20. Within thirty (30) days of Cumberland County's receipt of the executed releases from the United States, Cumberland County will issue checks for the monetary settlement. Each check will be made payable to the individual Relief Participant and Daniels & Nisbet in the amount of individual monetary relief listed on Exhibit 2.

21. Each Relief Participant's individual monetary relief payment is attributable to compensatory damages and is pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981. Cumberland County will issue each Relief Participant an IRS Form 1099 for the amount of her individual monetary relief.

22. Within five (5) days of Cumberland County's issuance of the monetary settlement checks as described in Paragraph 20, Cumberland County will confirm the issuance to the United States.

## IX. RECORDS RETENTION

23. Cumberland County will retain the following documents and information during the term of this Decree, or for the period of time required by other applicable records retention requirements, whichever is longer:

    a. The provisions and effective dates of the revised Policy and Procedure adopted pursuant to Paragraph 10 and distributed to its employees;

    b. Documentation that each employee received the revised Policy and Procedure as required by Paragraphs 11 and 12;

    c.        The provisions and effective dates of the training on the revised Policy and Procedure pursuant to Paragraphs 13 and 15 and provided to its employees;

    d.        Documentation that each employee received the training on the revised Policy and Procedure as required by Paragraphs 14 and 16; and

    e.        All documents that come into Cumberland County's possession relating to any written or verbal complaint of sexual harassment or related retaliation, made by any employee, including documents relating to Cumberland County's investigation and resolution of any such complaint.

24.    The United States may review Cumberland County's compliance with this Decree at any time and accordingly will have the right to inspect and copy any documents related to Cumberland County's compliance with this Decree upon fifteen (15) days' written notice to Cumberland County, without further order from this Court.

## X.    PROVISION OF RECORDS TO THE UNITED STATES

25.    For the duration of this agreement, Cumberland County will send reports every six months to the United States identifying:

    a.        All complaints of sexual harassment and all related complaints of retaliation, including, at a minimum:

        i.        The date of the complaint and the date the complaint was received by Cumberland County, if different from the date of the complaint;

        ii.       Whether the complaint was oral or written;

        iii.      A description of the complaint, including the identity, by name and title, of the individuals accused of harassment or retaliation, if known; and

7

Case 2:21-cv-00012   Document 13-1   Filed 03/23/21   Page 7 of 12 PageID #: 52

iv.     Any formal or informal report of investigation, including any
                        recommended corrective action or discipline and whether that corrective
                        action or discipline was taken;

        b.      Documentation that each employee received the revised Policy and Procedure as
                required by Paragraphs 11 and 12; and

        c.      Documentation that each employee received the training on the revised Policy and
                Procedure as required by Paragraphs 14 and 16.

26.     Six (6) months after the date of entry of this Decree, Cumberland County will provide its first report covering the time period from November 1, 2019, through five (5) months after the date of entry of this Decree.

27.     A report will be due every six (6) months thereafter for the duration of the Decree, covering the six (6)-month time period since the previous report.  Barring any extension of this Decree, Cumberland County will provide the United States three reports containing the information described above.

**XI.    DISPUTE RESOLUTION**

28.     The Parties will attempt in good faith to resolve informally any dispute concerning Cumberland County's compliance with this Decree.  Upon request by either Party, the Parties, through their counsel, will make themselves available for a telephone conference to discuss any such dispute within ten (10) days of such a request.  If the Parties are unable to reach agreement after informally seeking to resolve the dispute, either Party may move the Court to enforce the Decree and may seek a ruling that enforces this Court

Order, provided the moving Party gives at least thirty (30) days written advance notice to the nonmoving Party.

## XII. MODIFICATION OF THE DECREE

29. This Decree constitutes the entire agreement and all commitments of the Parties.

30. The Parties may jointly agree to modifications of the time limits for the specific performance of the non-monetary relief provisions set forth in this Decree without Court approval.  The Parties may agree to other modifications of the non-monetary relief provisions of the Decree only with approval of the Court.

31. The Parties and the Relief Participants may agree to modifications of the time limits for the specific performance of the monetary relief provisions set forth in this Decree without Court approval.  The Parties and the Relief Participants may agree to other modifications of the monetary relief provisions of the Decree only with approval of the Court.

## XIII. JURISDICTION OF THE COURT

32. The Court shall retain jurisdiction over this Decree for the purposes of implementing the relief provided herein and resolving any disputes or entering any orders that may be necessary to implement the relief provided herein.

## XIV. DURATION OF CONSENT DECREE AND TERMINATION

33. This Decree will remain in effect for eighteen (18) months from the date of entry of this Decree.  The United States may move the Court to extend the duration of the Decree and the Court may extend the term only upon a showing of (1) Cumberland County's substantial non-compliance with this Decree during its term, and (2) good cause for extending the term.  Absent an extension, the Decree will expire without further order of the Court at the conclusion of this eighteen (18)-month period.

## XV.  GENERAL PROVISIONS

34. If any deadline referenced in this Agreement falls on a weekend or federal holiday, the deadline shall be moved to the next business day.

35. If any provision of this Decree is found to be unlawful, only the specific provision in question will be affected and the other provisions will remain in full force and effect.

36. The Parties will bear their own costs, expenses, and attorneys' fees in this action, including the costs of compliance or monitoring.

37. Where possible, all documents required to be delivered to the United States under this Decree shall be sent via electronic mail to Jennifer Swedish (jennifer.swedish@usdoj.gov), Julia Quinn (julia.quinn@usdoj.gov), and Kara Sweet (kara.sweet@usdoj.gov).  Where such electronic mail is not possible, documents shall be sent *via overnight delivery* to:

> Jennifer Swedish
> Julia Quinn
> Employment Litigation Section
> Civil Rights Division
> United States Department of Justice
> 4 Constitution Square
> 150 M Street NE, Room 9.1134
> Washington, DC  20530

38. Any Party may update mailing or electronic addresses to all other parties without requiring any changes to this Decree.

39. This Decree may be executed in multiple counterparts, each of which together shall be considered an original but all of which shall constitute one Decree.  The Parties agree to be bound by facsimile signatures.

It is so ORDERED, this \_\_\_\_ day of _____, 2021.

_____
Magistrate Judge Alistair Newbern
United States District Judge

Date: March 23, 2021

                                          Agreed to and entered into by:

**FOR PLAINTIFF UNITED STATES OF AMERICA:**

| | |
|---|---|
| PAMELA S. KARLAN<br>Principal Deputy Assistant Attorney General<br>Civil Rights Division | MARY JANE STEWART<br>Acting United States Attorney<br>Middle District of Tennessee |
| DELORA L. KENNEBREW<br>Chief | s/ Kara F. Sweet<br>KARA F. SWEET<br>Assistant United States Attorney |
| JOHN P. BUCHKO<br>Deputy Chief | United States Attorney's Office<br>110 Ninth Avenue South, Suite A-961<br>Nashville, TN 37203 |
| s/ Jennifer M. Swedish<br>JENNIFER M. SWEDISH<br>(*pro hac vice* admission pending) | (615) 736-5151<br>Kara.Sweet@usdoj.gov |

s/ Julia T. Quinn
JULIA T. QUINN
(*pro hac vice* admission pending)
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
4 Constitution Square
150 M Street NE / Room 9.1134
Washington, D.C. 20530
(202) 305-4069
Jennifer.Swedish@usdoj.gov
Julia.Quinn@usdoj.gov

*Counsel for the United States of America*

**FOR DEFENDANT CUMBERLAND COUNTY, TENNESSEE:**

s/ Cassandra M. Crane
CASSANDRA M. CRANE
Farrar & Bates, LLP
12 Cadillac Drive, Suite 480
Brentwood, TN 37027
(615) 620-7309
Casey.Crane@farrar-bates.com

*Counsel for Cumberland County, Tennessee*